UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

Chapter 11

IN RE:

    PAUL C. MURPHY,                  CASE No: 16-12574-AJC

        Debtor.
_____/

ABRAHAM COHEN,

        Plaintiff,                                 Adv. Proceeding No.:

vs.

PAUL C. MURPHY,

        Defendant.
_____/

**COMPLAINT OBJECTING TO DISCHARABILITY
OF CERTAIN DEBT UNDER 11 U.S.C. § 523**

Creditor, Abraham Cohen ("Cohen"), by and through the undersigned counsel, hereby files this Complaint objecting to the Dischargeability of Certain Debt Under 11 U.S.C. § 523 against Debtor, Paul C. Murphy ("Debtor"), and alleges:

**JURISDICTION AND PARTIES**

1.    This is an adversary proceeding in which the plaintiff-creditor Cohen is seeking a determination as to the dischargeability of the debt owed by the Debtor to Cohen under Bankruptcy Code §§ 523(a)(2)(A). 523(a)(4) & 523(a)(6). The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § 523. This case is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.    Plaintiff Cohen is a creditor of Debtor with a claim for in excess of $11,000,000.00 plus any further interest and attorney's fees awarded. [POC No. 3] Debtor is a

judgment debtor of Cohen. [*Id.*] Plaintiff Cohen and Debtor at all material times resided or did business in the Southern District of Florida. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

### **General Allegations[1]**

3.  In 2006, the Debtor was involved in a certain project with Cohen called the Blueview at Doral Project ("Project"). Well after the Debtor took over running the construction, marketing and financing for the Project on behalf of Cohen through their companies, with others, the parties discussed buying Cohen's interest in the Project. Because the Debtor invited Cohen's confidence and trust as Cohen's fiduciary, Cohen reposed his trust and confidences in the Debtor, and the Debtor accepted such trust and confidences, Cohen advised the Debtor that he was in need of the funds for, among other reasons, cancer treatment for his sister-in-law.

4.  Thereafter, the Debtor, knowing that Cohen was in a vulnerable and susceptible position, took advantage of Cohen's trust and confidence that was reposed in and accepted by the Debtor, and fraudulently represented and agreed to personally guarantee the purchase of Cohen's interest in the Project for $5,000,000.00 in 2007 from an entity affiliated with the Debtor. However, from the outset, the Debtor never had any intention to pay any funds in connection with that guarantee and/or had a present intention not to pay any funds in connection that guarantee.

---

[1] Plaintiff Cohen reserves the right to bring additional claims against the Debtor or any related persons or entities, and nothing contained herein shall be deemed a waiver of any rights or causes of action that Cohen may have. Additionally, during the course of this proceeding, Plaintiff Cohen may learn (through discovery or otherwise) of additional information giving rise to additional bases for these claims or giving rise to additional claims altogether. Plaintiff Cohen reserves the right to amend this Complaint to include: (i) further information regarding the claims described in this Complaint, (ii) additional claims, and/or (iii) additional defendants that may become known to Plaintiff Cohen at any time during this Adversary Proceeding, through formal discovery or otherwise, and for all such amendments to relate back to the date of filing of this original Complaint.

5.  Rather, the Debtor always had the undisclosed, omitted and fraudulent intention to only pay Cohen in connection with the guarantee so long as the Project was successful and thus the purchase of Cohen's interest would result in a windfall to the purchaser and a loss to Cohen. On the other hand, if the Project was not successful, despite making material misrepresentations that he had the intention to pay, the Debtor fraudulently and falsely failed to disclose his true intention that he had no intention to pay or had an actual intention not to pay anything.

6.  As a result, when the real estate market crashed towards the end of 2007 and continued for the following years, the Debtor, true to his fraudulently hidden intentions, failed to pay any funds due under his guarantee. Indeed, when Cohen filed suit in 2009 to collect on the guarantee, the Debtor filed a blunderbuss of false and frivolous counterclaims and defenses, and engaged in a concerted effort to drag on the case until it was finally resolved in Cohen's favor with a final judgment in January 2016.

7.  Post-judgment discovery commenced against the Debtor and a hearing was set to institute proceedings supplementary on the morning of February 25, 2016. In the evening of February 24, 2016, however, the Debtor filed this voluntary petition (the "Petition") for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida. As of the date of this Complaint the Debtor has not been granted a discharge.

8.  In the Petition and/or the schedules and other submissions that followed, the Debtor swore under oath that his gross wages were $10,000.00 a month. This was misleading, false and fraudulent. The truth is that the Debtor earns approximately $20,000.00 a month in

gross wages but falsely and fraudulently claims that up to $10,000.00 of such funds is not wages since he uses it for "business purposes."

9. According to the Debtor, things like buying food for breakfast that he has at home before he goes to work are properly considered business expenses and indicated that this is a widespread practice of both himself and the employees of his company to characterize purely personal expenses as business expenses.

10. Moreover, Debtor admits to have fraudulently obtained credit to obtain an interest in real estate developments(s) by falsely and fraudulently failing to disclose Cohen's multi-million dollar claim against him in the loan application(s) that he filed with Deutsche Bank and/or other lenders. But for the Debtor's false and fraudulent misrepresentations and omissions in connection with the loan application(s), the Debtor's personal guaranty of the money lent for the development(s) would not have been accepted by Deutsche Bank and/or other lenders.

11. Had his personal guaranty not been accepted, the Debtor would not have been able to infuse over $3.5 million dollars in the development(s) and would have instead had such funds to pay Cohen's just claim against the Debtor. In other words, but for these fraudulent misrepresentations and omissions, the Debtor would have had substantial funds to pay Cohen instead of placing them in real estate development(s) and ultimately losing them due to the default the Debtor created on the loans which Deutsche Bank and other lenders, as filing his bankruptcy Petition is an event of default under the pertinent loan documents. As a result of such default the Debtor lost all but $150,000.00 of his over $3,500,000.00 investment.

12. Had Cohen known that the Debtor conducted his business and personal affairs in this fraudulent way, Cohen would not have engaged in the transaction which gave rise to Cohen's claim against the Debtor. Because the Debtor willfully and fraudulently concealed from

and made material misrepresentations regarding this information to Cohen, and because the Debtor fraudulently failed to disclose his indebtedness to Cohen in his loan application(s), Cohen has sustained substantial injuries in that he is now unable to collect his just debt from the Debtor who is clearly not an honest, but unfortunate debtor.

13. Plaintiff Cohen has retained the undersigned attorneys to prosecute this lawsuit on his behalf and is required to pay said attorneys a reasonable fee for their services in connection with the prosecution of this lawsuit.

14. All conditions precedent to the institution and maintenance of this action have been performed, excused, waived or have otherwise occurred.

## COUNT I -- NON-DISCHARGEABILITY OF PLAINTIFF'S CLAIM UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE

Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 14 of this Complaint as if set forth fully herein.

15. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by --
> (A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

16. Since the Debtor obtained the indebtedness from Cohen under false pretenses, with false representations, and through the commission of actual fraud, the Debtor is barred from seeking a discharge of Cohen's debt.

17. All or part of the debt owed to Cohen by Debtor is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was

obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § § 523(a)(2)(A).

### COUNT II -- NON-DISCHARGEABILITY OF PLAINTIFF'S CLAIM UNDER SECTION 523(a)(4) OF THE BANKRUPTCY CODE

Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 14 of this Complaint as if set forth fully herein.

18. Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

> (b) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
> . . .
> (4) for fraud or defalcation while acting in a fiduciary capacity. . .

19. As the Debtor engaged in fraud and defalcation while acting in a fiduciary capacity of Cohen, in both the establishment as well as in the Debtor's willful failure to repay the Debtor's debt to Cohen, without just cause whatsoever, the Debtor is not entitled to a discharge of his indebtedness to Cohen.

20. All or part of the debt owed to Cohen, as evidenced by the Judgment entered against the Debtor, is non-dischargeable as it is a debt resulting from fraud or defalcation while Debtor was acting in a fiduciary capacity to Cohen within the meaning of Bankruptcy Code § 523(a)(4).

### COUNT III -- NON-DISCHARGEABILITY OF PLAINTIFF'S CLAIM UNDER SECTION 523(a)(6) OF THE BANKRUPTCY CODE

Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 14 of this Complaint as if set forth fully herein.

21. Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

> (b) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
> . . .

(6) or willful and malicious injury by the debtor to another entity or to the property of another entity . . .

22.    All or part of the debt owed to Cohen is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code § 523(a)(6).

WHEREFORE, Plaintiff Cohen respectfully requests that this Court enter a Judgment determining that the Debtor's aforesaid debt to Cohen is non-dischargeable under Bankruptcy Code § § 523(a)(2)(A), 523(a)(4) and 523(a)(6), and granting Plaintiff such other and further relief as this Court may deem just and proper

## CERTIFICATE OF COMPLIANCE

I hereby certify that I am admitted to the Bankruptcy Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court this 13th day of September, 2016 by using the CM/ECF System which will send notice of the electronic filing and complete service of the foregoing to all interested parties.

STOK FOLK + KON
18851 NE 29th Avenue
Suite 1005
Aventura, Florida  33180
Telephone: (305) 935-4440
Email: service@stoklaw.com

By: */s/ Robert A. Stok*
    ROBERT A. STOK, ESQ.
    Florida Bar No. 857051